UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
JOHN A. CHAMPION,                      )
                                       )
             Petitioner,              )
                                       )
     v.                              )   Civil Action No. 12-1780 (JDB)
                                       )
UNITED STATES OF AMERICA,              )
                                       )
             Respondent.              )
_____ )

**MEMORANDUM OPINION**

This matter is before the Court on John A. Champion's petition for a writ of habeas corpus. For the reasons discussed below, the petition will be denied as time-barred.

I.  BACKGROUND

On February 11, 1999, in the Superior Court of the District of Columbia, petitioner pled guilty to the murder of Louise Washington, the elderly woman in whose house petitioner rented a room. *See* Pet. at 1; Gov't's Opp'n to Pet'r's Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Gov't's Opp'n"), Ex. D (transcript of plea hearing at 10:3-11:8) & Ex. O (Judgment and Commitment Order).[1] On April 2, 1999, the court imposed a sentence of 20

---

[1] Ms. Washington's death was ruled a homicide by blunt force trauma to the head. *See* Gov't's Opp'n, Ex. C (Letter to John T. Kenney, Esq., from Matthew G. Olson dated January 23, 1999) at 2. A grand jury charged petitioner with first degree murder while armed, armed robbery of a senior citizen, and first degree murder while armed (felony murder). *See id.*, Ex. A (Indictment, *United States v. Champion*, Crim. No. F-3451-98 (D.C. Super. Ct. July 13, 1998)). Petitioner (continued . . .)

years to life imprisonment.  Gov't's Opp'n, Ex. E (transcript of sentencing hearing at 9:20-21).

Although petitioner did not file a direct appeal, he twice collaterally attacked his conviction and sentence by filing *pro se* motions under D.C. Code § 23-110 in the Superior Court.  The first, *see id.*, Ex. H (Pro Se Motion to Proceed Pro Se in a Collateral Attack on Conviction and Sentence Pursuant to 23 D.C. Code 110 dated April 22, 2004), was denied without prejudice on November 23, 2004 because petitioner failed to articulate adequately his claims for relief.  *See generally id.*, Ex. I (Order, *United States v. Champion*, Crim. No. F-3451-98 (D.C. Super. Ct. filed Nov. 29, 2004)).  The second, dated August 14, 2006, *see id.*, Ex. K (Memorandum of Law in Support of Motion to Withdraw Plea, Vacate, Set Aside or Correct Sentence with Exhibits), was denied without a hearing on December 9, 2009.  *Id.*, Ex. L (Order, *United States v. Champion,* Crim. No. F-3451-98 (D.C. Super. Ct. Dec. 9, 2009).  Petitioner appealed this decision to the District of Columbia Court of Appeals, *see* Gov't's Opp'n, Ex. N (Initial Brief of the Appellant, *Champion v. United States*, No. 09-CO-1599 (D.C. App. Apr. 19, 2010)), which affirmed the Superior Court's denial of the § 23-110 motion on March 1, 2011.  *See id.*, Ex. O (Memorandum Opinion and Judgment, *Champion v. United States*, No. 09-CO-1599 (D.C. App. Mar. 1, 2011)).  The Supreme Court of the United States denied his petition for a writ of certiorari on October 3, 2011.  *Champion v. United States,* 132 S. Ct. 331 (2011).  Subsequently, on October 31, 2011, petitioner filed a motion in the Court of Appeals to recall its

---

pled guilty to one count of second degree murder while armed.  *See generally id.*, Ex. D (transcript of plea hearing).

mandate; the motion was denied on November 18, 2011. *See* Gov't's Opp'n, Ex. M (docket sheet). He filed the instant petition on October 18, 2012.[2]

## II.  DISCUSSION[3]

A federal district court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner is serving a criminal sentence imposed by the Superior Court of the District of Columbia and is considered a state prisoner for purposes of federal habeas relief. *See, e.g., Hazel v. Lves,* No. 11-1100, 2011 WL 5022899, at *1 (D.D.C. Oct. 20, 2011) (recognizing that a District of Columbia prisoner is considered a State prisoner); *Banks v. Smith*, 377 F. Supp. 2d 92, 94 (D.D.C. 2005) ("The D.C. Circuit has consistently held that when considering a writ of habeas corpus a prisoner of the District of Columbia is considered a State prisoner, when the prisoner is held under a conviction of the D.C. Superior Court."); *cf. Madley v. U.S. Parole*

---

[2] It appears that the Clerk of Court received the petition for a writ of habeas corpus, the application to proceed *in forma pauperis*, a prisoner trust fund account statement, and a motion for appointment of counsel on October 18, 2012. The application to proceed *in forma pauperis* was granted on October 28, 2012, and these papers [ECF Nos. 1-4] were officially filed on the Court's electronic docket on October 31, 2012. The Court treats the petition as if it were filed on October 18, 2012.

[3] To the extent that petitioner seeks review of claims arising from errors that occurred during criminal proceedings in the Superior Court and from trial counsel's performance, this Court cannot entertain them because petitioner does not show that his remedy under D.C. Code § 23-110 is inadequate or ineffective. *See Williams v. Martinez,* 586 F.3d 995, 998 (D.C. Cir. 2009); *Plummer v. Fenty*, 321 F. App'x 7, 8 (D.C. Cir. 2009) (per curiam). "The petitioner's lack of success in the District of Columbia courts does not render his local remedy inadequate or ineffective." *Blount v. Wilson*, No. 11-0743, 2011 WL 1526945, at *1 (D.D.C. Apr. 19, 2011) (citations omitted). The only issue that this Court could address is petitioner's ineffective assistance of appellate counsel claim under "the standard set forth in 28 U.S.C. § 2254." *Williams*, 586 F.3d at 1002.

*Comm'n,* 278 F.3d 1306, 1308-09 (D.C. Cir. 2002) (holding that District of Columbia courts are deemed to be state courts for purposes of 28 U.S.C. § 2253).

"Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) . . . impose[d] a 1-year period of limitation on motions brought under [28 U.S.C. § 2255]." *United States v. Saro*, 252 F.3d 449, 251 (D.C. Cir. 2001) (citation omitted). "Courts have generally applied the same analysis to the time limitations in § 2254 and § 2255," *United States v. Cicero,* 214 F.3d 199, 203 n.* (D.C. Cir. 2000), and, therefore, a one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of the District of Columbia Superior Court. 28 U.S.C. § 2244(d)(1); *see Wright v. Wilson*, __ F. Supp. 2d __, __, 2013 WL 949845, at *2 (D.D.C. Mar. 12, 2013). "The limitation period . . . run[s] from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The government contends that the petition is time-barred and "should be dismissed without a hearing because it was filed more than twelve years too late." Gov't's Opp'n. at 23. Petitioner responds that "the clock beg[a]n to run [on] November 18, 2011 when the [District of Columbia Court of Appeals] denied his motion to recall the mandate, therefore his § 2254 [petition] was filed on time on October 31, 2012." Reply Brief of the Appellant at 5. He is mistaken.

The limitations period began to run when petitioner's Superior Court conviction became final. *See, e.g., Peoples v. Schultz*, 806 F. Supp. 2d 174, 179 (D.D.C. 2011). Petitioner was sentenced on April 2, 1999 and he filed no appeal. His conviction became final, then, when the

30-day period for the filing of an appeal expired, on May 3, 1999.[4] *See Williams v. United States*, 878 A.2d 477, 484 (D.C. 2005) (discussing D.C. App. R. 4(b) requirement that notice of appeal must be filed within 30 days of entry of the judgment or order from which appeal is taken); *cf. United States v. Peterson*, __ F. Supp. 2d __, __, 2013 WL 139197, at *2 (D.D.C. Jan. 11, 2013) (concluding that one-year limitations period for the filing of a § 2255 motion began to run on the date the judgment of conviction became final). Unless the statute of limitations was tolled, the deadline for the filing of petitioner's § 2254 petition fell on May 3, 2000.

The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), that is, until the completion of the ordinary state collateral review process. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). Ordinarily, the limitations period would have been tolled while petitioner's § 23-110 motions were pending. But tolling would not have helped petitioner because he did not file his first § 23-110 motion until April 2004, almost four years after the limitations period had expired. *See Hatch v. Jett,* 847 F. Supp. 2d 88, 95 (D.D.C. 2012) (dismissing § 2254 petition filed approximately 18 months after limitations period expired, "[e]ven accounting for the periods during which the limitations period was tolled").

Because "§ 2244(d) is subject to equitable tolling in appropriate cases," *Holland v. Florida,* 130 S. Ct. 2549, 2560 (2010) (citations omitted), petitioner may be able to proceed, but "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (citation and internal quotation marks omitted). Petitioner does not articulate, and the Court on its review

---

[4] Because the thirty-day period expired on Sunday, May 2, 1999, the period runs to the next business day. *See* Super. Ct. Civ. R. 6(a).

of petitioner's submissions cannot identify, any extraordinary circumstance that would have prevented petitioner from pursuing habeas relief in federal court within the applicable time limit.

### III.  CONCLUSION

The Court concludes that the habeas petition is untimely.  Accordingly, the Court will deny the petition and dismiss this action.  An Order accompanies this Memorandum Opinion.

DATE:  May 31, 2013                    /s/
                                            JOHN D. BATES
                                            United States District Judge